UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TAR-HONG MELAMINE USA, INC.,

            Plaintiff,

    - against -

SHUN HOA TRADING CO., and LOUIE A.
TY CO., INC.,
            Defendants.
----------------------------------------------------------------X

ORDER
08-CV-3962(RRM)(VVP)

MAUSKOPF, United States District Judge.

By Motion filed February 26, 2009, Plaintiff moved for default judgment against Defendant Louie A. Ty Co., Inc. ("LAT").[1] By Order entered the same day, this Court referred that motion to the assigned Magistrate Judge, the Honorable Viktor V. Pohorelsky, for a Report and Recommendation. On February 16, 2010, Judge Pohorelsky issued a Report and Recommendation (the "R&R") recommending that the motion be granted and that Plaintiff be awarded $100,000 in statutory damages and injunctive relief. Judge Pohorelsky reminded the parties that, pursuant to Rule 72(b), any objection to the R&R was due within fourteen (14) days of receipt of the R&R.[2] No party has filed any objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the Court has reviewed the R&R for clear error and, finding none, concurs with the R&R in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007). Accordingly, it is hereby ORDERED that:

(1) Plaintiff's motion for default judgment is GRANTED; and it is further ORDERED that:

(2) Plaintiff be awarded $100,000 in statutory damages; and it is further ORDERED that:

---

[1] Plaintiff and Defendant Shun Hoa Trading Co. have entered into a Consent Judgment. (*See* Docket No. 30.)

[2] A copy of the R&R was served on LAT via certified mail and delivery was confirmed on February 19, 2010. (*See* Docket No. 33.)

(3) LAT, its agents, servants, employees, attorneys, representatives, and all those persons in active concert or participation with it, are permanently enjoined from (a) manufacturing, marketing, advertising, selling or distributing any products incorporating Plaintiff's copyrighted Lotus Flower or Peacock garden designs (the "Protected Designs," copies of which are attached to this Order), or any design substantially similar thereto, which have not been manufactured or authorized by the Plaintiff, and (b) copying or distributing any catalog or other marketing material, or displaying on any Web site, either of Plaintiff's Protected Designs or any unauthorized product incorporating such design; and it is further ORDERED that:

(4) Not later than fifteen (15) days from the date of service of this Order, LAT shall turn over to Plaintiff Tar-Hong Melamine USA, Inc. all of its inventory of infringing goods, any advertising or promotional materials or other communications depicting the infringing goods, and all of its business records, including correspondence and emails, pertaining to the manufacture, importation, purchase, distribution, and/or sale of the infringing goods; and it is further ORDERED that:

(5) Not later than fifteen (15) days from the date of service of this Order, LAT shall send via overnight courier to all of its trade customers who purchased any infringing goods, a copy of this Order together with a letter requesting that all infringing goods still in the possession or control of such customers be returned to LAT, at LAT's expense; and it is further ORDERED that:

(6) Within sixty (60) days from the date of service of this Order, LAT shall submit to Plaintiff and this Court an affidavit describing in detail the actions it has taken to comply with this

Order, which shall include copies of all notices sent to customers sent pursuant to the previous paragraph and copies of courier receipts showing delivery of same.

SO ORDERED.

Dated: Brooklyn, New York
April 27, 2010

_____/
ROSLYNN R. MAUSKOPF
United States District Judge